TOLEDO, PEORIA & WARSAW RAILWAY COMPANY

*v.*

MARTIN ARNOLD.

1. FENCING RAILROADS—*construction of the statute relating thereto—effect of a change of ownership of the road.* The statute requires a road to be fenced at the end of six months after it is opened, and when that has not been done, and the road has been open and operated for more than six months, and a change of ownership in the road then occurs, the purchasing company cannot escape liability for damages resulting from the neglect of such duty, on the ground that six months had not elapsed since the road came into its possession.

2. In such case, the new owner is not entitled to a period of six months *after* the change of ownership, within which to comply with the law; but takes possession, subject to all the consequences resulting from a want of compliance with the statute, so far as liability for injuries to third persons is concerned.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

16—51ST ILLS.

This was an action of trespass on the case, brought by the appellee against the appellants, in the court below, to recover the value of certain stock, alleged to have been killed by the cars of the appellants. A trial was had before the court and a jury, and judgment rendered in favor of the plaintiff, for $475.00. Whereupon the defendants bring the record to this court by appeal.

Messrs. Ingersoll & McCune, for the appellants.

Messrs. C. A. Roberts & N. W. Green, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

It is insisted in this case, in behalf of the railway company, that although the road was not fenced, and had been open and operated more than six months, yet as six months had not elapsed since it came into the possession of this company, it can not be held liable. If such a construction were to obtain, the statute would become a dead letter as to any road that might be sold, for a period of six months after the change of ownership. Such a construction can not be tolerated. The statute requires a road to be fenced at the end of six months after it is opened, and every new owner takes possession subject to all the consequences that result from a disobedience to the law, so far as liability for injuries to third persons is concerned. The purchasing company knows the condition of the road and the liabilities that may result from that condition, and it voluntarily assumes them for the sake of such advantages as it expects to derive from operating the road.

The judgment is affirmed.

*Judgment affirmed.*